# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | | |
|---|---|---|
| KENNETH L. GANNON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 1:05-CV-168-TS |
| | ) | |
| BARBARA TUCKNOTT MILLER, | ) | |
| BUSINESS & PROFESSIONALS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION

The pro se Plaintiff Kenneth L. Gannon has brought a claim against the Defendant Barbara Tucknott Miller, Business & Professionals, Inc., seeking money damages in the amount of $16,000,000 dollars for using the Plaintiff's name in collection letters to the Plaintiff. The Plaintiff's Complaint, generously interpreted, sets out claims for copyright and trademark infringement. The Defendant filed its Motion for Summary Judgment on October 6, 2005. The Defendant also claims the Plaintiff owes the Defendant $500 because the Plaintiff filed a UCC financing statement against BP Inc.'s assets without authorization.

The Plaintiff responded with a document entitled "To Support Motion Trial By Jury for Jugment [sic]," which was filed on October 31, 2005. Plaintiff submitted no evidence with this document. The document tells in great detail how one may copyright one's name under the common law and then charge those who use that name. This is possible despite the "criminal brilliance of the Chosen Masters in the legal, commercial, and financial arenas" who have "completely obliterated people's awareness of it." (Pl. Br. 2, DE 19.) The document recounts how "Norman French attorneys . . . destroyed the quality of life and property rights in England beginning in 1066" and "accomplished the same feat on this side of the Atlantic." (Pl. Br. 2, DE 19.) It is not clear from the

document whether these "Norman French attorneys" are the same people as the "esquire shysters that enforce the agenda of the Legal Masters" or are the "esquire front men" that wrote the UCC. (Pl. Br. 2, DE 19.) At any rate, these "esquire front men" apparently designed the UCC to facilitate the process of enforcing one's common law property right to one's name against those who take this property without authorization. (Pl. Br. 2, DE 19.) This protection is important because "[w]hen Big Brother's operatives ask you for your name, they are asking you to turn over your private property . . . so they can use the name you give them to create an account and lodge a charge in it . . . ." (Pl. Br. 2, DE 19.)

The Defendant filed its Reply on November 15, 2005, noting that the Plaintiff filed no admissible evidence in support of his claim.

**A.  Summary Judgment**

The Federal Rules of Civil Procedure mandate that motions for summary judgment be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). After adequate time for discovery, summary judgment must be given against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see also* Fed. R. Civ. P. 56(e); *Donovan v. City of Milwaukee*, 17 F.3d 944, 947 (7th Cir. 1994).

The Plaintiff has offered no evidence to establish any of the required elements of trademark infringement under any theory, and to the extent his Complaint states claims for trademark

infringement, the claims are dismissed.

The Plaintiff has submitted no admissible evidence to establish any of the required elements of the Plaintiff's copyright claim. Also, the Court has not been persuaded by the Plaintiff's theory that he may copyright his name. "To establish copyright infringement, a plaintiff must prove '(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original.'" *Incredible Techs, Inc. v. Virtual Techs, Inc.*, 400 F.3d 1007, 1011 (7th Cir. 2005) (quoting *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991)). The purpose of copyright laws is "[t]o promote the Progress of Science and useful Arts." U.S. Const. Art. I, § 8, cl. 8; *Campbell v. Acuff-Rose Music, Inc.*, 510 U.S. 569, 575 (1994). Short phrases or single words, including a person's name, do not exhibit the minimal creativity required for copyright protection. *Arica Inst., Inc. v. Palmer*, 970 F.2d 1067, 1072 (2d Cir. 1992); 37 C.F.R. § 202.1(a) (prohibiting registration of "[w]ords and short phrases such as names, titles and slogans" for copyright protection). Also, common law copyright law does not exist, as it would be pre-empted by federal law. *Scholastic, Inc. v. Stouffer*,124 F. Supp. 2d 836, 846 (S.D.N.Y. 2000).

Finally the Court notes that the Defendant has a First Amendment right to use the Plaintiff's name in its correspondence with the Plaintiff. *See N.Y. Stock Exch., Inc. v. Gahary*, 196 F. Supp. 2d 401, 413 (S.D.N.Y. 2002). For these reasons, the Court grants summary judgment against the Plaintiff on all claims.

**B.     Plaintiff's Filing of a UCC Financing Statement**

The Plaintiff attached to his Complaint a UCC financing statement against the Defendant's assets. The Defendant included in its brief an Affidavit from Barbara Tucknott Miller stating that

3

she is the President of the Defendant business and that she did not consent or agree to allow the Plaintiff to file the financing statement. (Affidavit of Barbara Tucknott Miller, DE 16.) The Defendant seeks $500 in statutory damages. It appears that the Defendant would be entitled to the $500, but since it did not assert any counterclaim, the Defendant's request is denied.

**C.      Conclusion**

The Plaintiff apparently believes that the law has been conspiratorially created so that those with special, secret knowledge may use it to their great financial benefit. If this Court has misconstrued the Plaintiff's filings or claims, or if the Plaintiff believes this Court to have erred in its rulings, he is entitled to appeal this opinion to the Seventh Circuit Court of Appeals. However, it is this Court's opinion that this is a frivolous lawsuit that should never have been filed.

**ORDER**

The Defendant's motion for summary judgment is GRANTED and judgment is to be entered for the Defendant against the Plaintiff.

SO ORDERED on June 28, 2006.

                                                             /s/ Theresa L. Springmann
                                                  THERESA L. SPRINGMANN
                                                  UNITED STATES DISTRICT COURT